**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **Sportbrain Holdings LLC**, an Illinois limited liability company, | |
| Plaintiff, | |
| v. | Civil Action No.:_____ |
| **Epson America, Inc.; Epson Accessories, Inc.,** | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Sportbrain Holdings LLC ("Sportbrain"), through its attorney, Isaac Rabicoff, complains of **Epson America, Inc.; Epson Accessories, Inc.** ("Epson") as follows:

**NATURE OF THE ACTION**

1.     This is a patent infringement action to stop Defendant Epson's infringement of Plaintiff Sportbrain's United States Patent No. 7,454,002 entitled "*Integrating Personal Data Capturing Functionality Into a Portable Computing Device and a Wireless Communication Device*" (hereinafter, the "'002 Patent" or the "Patent-in-Suit"). A copy of the '002 Patent is attached hereto as Exhibit A. Sportbrain seeks monetary damages.

**THE PARTIES**

2.  Plaintiff Sportbrain is an Illinois limited liability company. Sportbrain is the
    exclusive licensee of the Patent-in-Suit, and possesses all rights thereto, including
    the exclusive right to exclude Epson from making, using, selling, offering to sell or
    importing in this district and elsewhere into the United States the patented
    invention(s) of the Patent-in-Suit, the right to sublicense the Patent-in-Suit, and to
    sue Epson for infringement and recover past damages.

3.  Epson America, Inc. is a California corporation with its principal place of business
    located in Long Beach, California.

4.  Epson Accessories, Inc. is a California corporation with its principal place of
    business located in Long Beach, California.

**JURISDICTION AND VENUE**

5.  This is an action for patent infringement arising under the Patent Laws of the
    United States, Title 35 of the United States Code.

6.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.  This Court has personal jurisdiction over Epson because, among other things, it
    transacts business in this judicial District, at least by offering to sell, selling and/or
    advertising infringing products and services, including at least the Epson Runsense
    SF-110 and Epson companion apps (collectively "Accused Products and
    Services"), in such a way as to reach customers in Illinois and this judicial district
    including, but not limited to, over the internet, and through retail stores located
    throughout this district, including Walmart Supercenter located at 4650 W North

Ave, Chicago, IL 60639. Epson also directly markets and sells its infringing

products and services to Illinois residents, including through its own website,

http://www.epson.com/.

8.   Epson has, consequently, committed acts of infringement in this judicial district.

9.   Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because

a substantial part of the events giving rise to the claims occurred in this judicial

district, and Epson has committed acts of infringement in this district.

**COUNT I: INFRINGEMENT OF THE '002 PATENT**

10.  Sportbrain realleges and incorporates by reference the above paragraphs of this

Complaint, inclusive, as though fully set forth herein.

11.  The '002 Patent is valid, enforceable, and was duly issued in full compliance with

Title 35 of the United States Code.

12.  Epson has infringed and continues to infringe the '002 Patent, either literally or

under the doctrine of equivalents. Upon information and belief, Epson has infringed

and continues to infringe one or more claims of the '002 Patent by making, using,

selling, providing, advertising and/or importing, directly or through intermediaries,

in this district and elsewhere in the United States, devices for integrating a personal

data capturing functionality into a wireless communication device and for

analyzing and supplying feedback information to a user through the combined use

of the personal parameter receiver, a wireless communication device, a network

server, and website in this district and elsewhere in the United States through its

website.

13.    Each of the Accused Products and Services infringes at least claim 1 of the '002
       Patent.

14.    In particular, using at least an accelerometer and/or motion sensor, the Epson
       Runsense SF-110 acts as the personal parameter receiver, collecting data about the
       activity of the user, including at least recording the number of steps taken by the
       user when the product is active. The Epson Runsense SF-110 and Epson companion
       apps (collectively the "Epson Runsense product") connect to wireless
       communication devices, including smartphones, for capturing personal data via a
       bluetooth connection. The Epson Runsense product periodically transmits personal
       data, including at least step data, from at least a smartphone to a network server
       over a wireless network. A network server then analyzes the personal data of the
       user and generates feedback information; this feedback information is posted to a
       website (including at least the Runsense View website available at http://go-
       wellness.epson.com) in at least a graphical and chart form for the user, and includes
       at least daily and weekly progress and other health and fitness metrics, including at
       least step count data. The aforementioned website and/or Epson companion apps
       also allows a user to compare that user's personal data, at least in relation to the
       user's friends, and posts that comparison of the personal data.

15.    Epson has also partnered with third parties to provide additional companion apps;
       to the extent that these third party companion apps (in combination with the
       Runsense watch) carry out the remaining steps of the method in at least claim 1,

– 4 –
COMPLAINT FOR PATENT INFRINGEMENT

these acts are attributable to Epson under a theory of divided infringement, and Epson directly infringes on the patent-in-suit.

16.     Epson also has and continues to indirectly infringe one or more claims of the asserted patent by inducing others to infringe, including merchants and end-users of its infringing products and services. Specifically, Epson has actively induced, and continues to induce, the infringement of one or more claims of the '002 Patent at least by actively inducing its customers, including merchants and end-users to use Epson's devices for integrating a personal data capturing functionality into a wireless communication device and for analyzing and supplying feedback information to a user through the combined use of the personal parameter receiver, a wireless communication device, a network server, and website in this district and elsewhere in the United States through its website. Upon information and belief, Epson has specifically intended that its customers use the Accused Products and Services that infringe the '002 Patent by, at a minimum, providing access to, support for, training and instructions for, the Accused Products and Services to its customers to enable said customers to use said apparatus, products and services in such a way that infringes the '002 Patent. Even where performance of the steps required to infringe one or more claims of the '002 Patent is accomplished by Epson and Epson's customer jointly, Epson's actions have solely caused all of the steps to be performed.

17. Epson knew or should have known that its conduct of advertising and instructing would induce others to use its products and services in a manner that infringes the '002 Patent.

18. Sportbrain has complied with the provisions of 35 U.S.C. § 287 to the extent they are applicable.

19. Epson's aforesaid activities have been without authority and/or license from Sportbrain.

20. Epson's infringement has injured Sportbrain and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, together with interest and costs.

WHEREFORE, Plaintiff Sportbrain respectfully asks this Court to enter judgment against Defendant Epson for infringement and against its respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with it, granting the following relief:

A. Epson has infringed and is infringing one or more claims of the '002 Patent;

B. Epson accounts to Sportbrain for damages adequate to compensate for Epson's infringement of the '002 Patent and that such damages be awarded to Sportbrain, including pre-judgment and post-judgment interest;

C. This case be adjudged as an exceptional case pursuant to 35 U.S.C. § 285 and that the Court award Sportbrain its expenses and attorneys' fees incurred in bringing and prosecuting this action; and

COMPLAINT FOR PATENT INFRINGEMENT

D.     Sportbrain be awarded such further and additional relief as the Court deems

just and proper.

**JURY DEMAND**

Under Rule 38(b) of the Federal Rules of Civil Procedure, Sportbrain respectfully

requests a trial by jury on all issues.

Respectfully submitted,

/s/ Isaac Rabicoff
Counsel for Plaintiff

ISAAC RABICOFF
RABICOFF LAW LLC
100 N LASALLE ST, SUITE 2400
CHICAGO, IL 60602
773-669-4459
ISAAC @ RABILAW.COM

COMPLAINT FOR PATENT INFRINGEMENT